*451 Middleton, J.,
dissenting. Section 10509-54, General Code, applies in case of death of either spouse. It exempts from administration certain property to the extent of 20 per cent of the estate, with a maximum of $2,500, and provides for exemption of money sufficient to supply the difference, between the value of selected items of property and the maximum permitted exemption.
This exemption of specific items of property inures to the benefit of the surviving spouse or the surviving children. The money thus exempted belongs to the surviving spouse if one survives.
This right of the surviving spouse attaches and becomes vested immediately upon the death of the husband or wife and the amount is fixed by the statutes.
Sections 10509-74 and 10509-75, General Code, serve an entirely different purpose. Their construction and application is not governed by decisions based upon and which construe Section 10509-54, General Code.
The appraisers do not determine the amount of the exemption under Section 10509-54, General Code. They do determine the amount of the allowance under Sections 10509-74 and 10509-75, General Code, and their duty is clearly stated.
Section 10509-74, General Code, provides:
“The appraisers also shall set off and allow to the widow, and children under the age of eighteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for huelve months from the decedent’s death * * (Emphasis supplied.)
Section 10509-75, General Code, provides:
“When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children, as provided in the next preceding section, the appraisers must certify what sum or further sum, *452 in money, is necessary for the support of such widow or children. * * *” (Emphasis supplied.)
It is manifest that these two sections were intended to provide the widow, and children, if any, with the necessities of life for twelve months after the death of the husband and father. The amount of “provisions” or “other property” or money required is to be determined, in the first instance by the appraisers. The widow has no vested right in any specific .amount of “provisions,” “other property” or money immediately upon the death of the husband.
In determining the amount reasonably required by the widow during the twelve months, in the way of “provisions,” “other property” or money, the appraisers must consider many elements, such as, for •example, her age, condition of health and previous standard of living. Reason and common sense dictate that if she dies approximately three months after the death of her husband, as was true in this case, and before the decision of the appraisers, she will not require “provisions,” “other property” or money for the last nine months of the twelve.
In my opinion it is the duty of the appraisers to consider the widow’s death as a fact having a direct bearing upon the amount of “provisions,” “other property” or money needed for her support during the twelve months. To ignore the fact of her death would be unrealistic.
To undertake to justify allowance of “provisions,” “other property” or money for the support of a wife for nine months after her funeral on the theory that the husband would have had to pay her funeral expense had he survived, would read into the statute a purpose nowhere indicated by its language.
Such allowance in this case had the inexcusable effect of transferring $4,250 from the estate of the husband to the estate of the wife so that her heirs will en *453 joy that amount of inheritance which rightfully belongs to the heirs of the husband. I do not believe that such result was intended when Sections 10509-74 and 10509-75, General Code, were enacted.
Zimmerman, J., concurs in the foregoing dissenting opinion.